James D. Pacitti, Esq. (SBN 248696)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 385-1408
jpacitti@consumerlawcenter.com
Attorneys for Plaintiff,
MICHAEL GOLDEN

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GOLDEN,<br><br>   Plaintiff,<br><br> v.<br><br>MIDLAND CREDIT MANAGEMENT INCORPORATED,<br><br>   Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

### VERIFIED COMPLAINT

MICHAEL GOLDEN (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against MIDLAND CREDIT MANAGEMENT INCORPORATED, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant has offices and conducts business in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Citrus Heights, Sacramento County, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)* and Defendant is attempting to collect a debt by communicating with Plaintiff as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt by contacting Plaintiff.

9. Defendant is a national company located in San Diego, California.

10. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers in the District of California.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt owed for a Bank of America credit card account.

12. Defendant called on an almost daily basis, multiple times a day, for a period of months.

13. Defendant contacted Plaintiff up to ten (10) times in a single day.

14. Defendant representative made representations that he was a police officer while attempting to collect the alleged debt.

15. Defendant representative made representations that he was a court official while attempting to collect the alleged debt.

16. Defendant disclosed information about the alleged debt to Plaintiff's brother in law.

17. Defendant disclosed information about the alleged debt to Plaintiff's landlord's wife.

18. Defendant placed collection calls to Plaintiff before 8:00 am and after 9:00 pm., local time for the Plaintiff.

19. Defendant contacted Plaintiff's next door neighbor, Suzanne Taylor, repeatedly and disclosed the debt to her.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(1)* of the FDCPA by contacting Plaintiff at a time and place which should be known to be inconvenient by contacting Plaintiff prior to 8:00 am and after 9:00 pm;

    b. Defendant violated *§1692c(b)* of the FDCPA by communicating information about the alleged debt to Plaintiff's brother in law;

    c. Defendant violated *§1692c(b)* of the FDCPA by communicating information about the alleged debt to Plaintiff's landlord's wife;

    d. Defendant violated *§1692c(b)* of the FDCPA by communicating information about the alleged debt to Plaintiff's neighbor, Suzanne Taylor;

    e. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

    f. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

    g. Defendant violated *§1692e* of the FDCPA by engaging in false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

    h. Defendant violated *§1692e(1)* of the FDCPA by falsely representing that it was a

police officer and by stating it was affiliated with a court; and

    i. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means to collect or attempt to collect the alleged debt or to obtain information concerning Plaintiff.

WHEREFORE, Plaintiff, MICHAEL GOLDEN respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT INCORPORATED, for the following:

21. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

25. Defendant violated the RFDCPA based on the following:

    a. Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.

    b. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment;

    c. Defendant violated *§1788.12(b)* of the RFDCPA communicating information regarding the alleged debt to Plaintiff's brother in law, landlord's wife and neighbor;

    d. Defendant violated *§1788.13(d)* of the RFDCPA by falsely representing that it

was a Police Officer and a representative of the Court; and

e. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*, as set forth in paragraph 20 above.

WHEREFORE, Plaintiff, MICHAEL GOLDEN, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT INCORPORATED, for the following:

26. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

27. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

28. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHAEL GOLDEN, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  April 21, 2011                         KROHN & MOSS, LTD.

By: /s/ James D. Pacitti _____
James D. Pacitti
Attorney for Plaintiff

VERIFIED COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, MICHAEL GOLDEN, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, MICHAEL GOLDEN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 1/13/11

MICHAEL GOLDEN