IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL GOLDEN

     Plaintiff,                                No. 2:11-cv-01071 WBS KJN

    v.

MIDLAND CREDIT MANAGEMENT INC.,

     Defendant.                            ORDER
_____/

        On February 3, 2012, plaintiff Michael Golden ("plaintiff") filed a motion to compel defendant Midland Credit Management Inc. ("defendant") to more fully respond to plaintiff's interrogatories and requests for production of documents, and the motion is presently set for hearing before the undersigned on March 8, 2012, at 10:00 a.m.[1] (Dkt. No. 22-1.) Plaintiff's basic position is that defendant has not properly responded to the discovery requests at issue.[2]

        The parties have not prepared the "Joint Statement re Discovery Disagreement"

---

[1] The Status (Pretrial Scheduling) Order in this case provides that the discovery *completion* deadline is March 16, 2012. (Dkt. No. 17 at 2-3 (requiring that discovery motions be heard *and* any resulting orders obeyed "not later than March 16, 2012").)

[2] This case proceeds before the undersigned pursuant to pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

("Joint Statement") required by Local Rule 251(c).  Instead, plaintiff has filed a full-blown motion to compel with points and authorities and nearly 200 pages of exhibits.  (Dkt. No. 22-1.)  Plaintiff explains that he is attempting proceed under the exception to the requirement of filing a Joint Statement that is available where "counsel for the moving party is unable, after a good faith effort, to secure the cooperation of counsel for the opposing party . . . in preparing and executing the required joint statement . . . ."  Local Rule 251(d).

However, it does not appear that the parties have adequately attempted to prepare and execute a Joint Statement.  Plaintiff "certifies that Plaintiff was unable to secure Defendant's cooperation after good faith efforts" and that "Plaintiff filed the instant Motion to Compel because Defendant refuses to meet and confer in good faith and, accordingly, Plaintiff remains without completed responses to his discovery requests."  (Dkt. No. 22-1 at 4-5.)  Plaintiff also offers that, after plaintiff sent two communications regarding the discovery dispute to defendant's counsel between January 9 and 18, 2012, and after one "conversation" with defendant's counsel regarding the discovery dispute, defendant "refused to . . . make any other changes to its responses."  (Id. at 5.)

Plaintiff apparently believes that two communications and one fruitless conversation with opposing counsel about the underlying discovery dispute completes the parties' continuing obligation to meet and confer to *prepare a Joint Statement* under Local Rule 251.  Plaintiff is mistaken.  Plaintiff conflates meeting and conferring regarding the underlying discovery dispute with meeting and conferring to prepare a Joint Statement.  While such meet and confer efforts are certainly related, they are not one in the same.  Indeed, if attempts to meet and confer to resolve the underlying discovery dispute are unsuccessful, the moving party shall draft and file a Joint Statement, and *all parties shall assist in the preparation of that Joint*

////

////

////

*Statement*. Local Rule 251(c).[3]

The March 8, 2012 hearing date is several weeks away. The parties have ample time to continue to meet and confer about their dispute, to narrow the disputed issues before the court, *and* to work together to craft a Joint Statement. To date, the record before the court does not indicate that the parties have adequately met and conferred in good faith in an effort to narrow the issues that must be resolved by the court. The undersigned expects and encourages the parties to work together so as to avoid any unnecessary discovery disputes, and this includes preparing a <u>Joint</u> Statement.

Accordingly, IT IS HEREBY ORDERED that:

1. *Both parties* are to meet and confer in good faith regarding the pending discovery dispute.

2. *Both parties* are to file, no later than ***February 27, 2012***, either:

(a) a Joint Statement re Discovery Disagreement consistent with the requirements of Local Rule 251(c), or

(b) a statement listing the parties' good faith efforts to meet and confer (including efforts to meet and confer specifically regarding preparing the Joint Statement)*,* the dates and times of such efforts, and the reasons why such good faith efforts were unsuccessful. The parties might find it fruitful to meet and confer via several telephone or in-person meetings, as opposed to the exchange of letters.

3. The hearing presently set for March 8, 2012, will remain on calendar. However, a failure to comply with this order and/or the court's local rules may result in the hearing being dropped from calendar, or an entry of an order adverse to the party failing to comply. E. Dist. Local Rule 251(d).

---

[3] A failure to follow the specific procedural requirements of participating in a discovery conference, meeting and conferring, and filing a <u>Joint</u> Statement "shall be grounds, in the discretion of the Court, for entry of an order adverse" to the party refusing to do so. E. Dist. Local Rule 251(d).

**IT IS SO ORDERED.**

DATED: February 9, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE