1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL GOLDEN

11          Plaintiff,                    No. 2:11-cv-01071 WBS KJN

12      v.

13   MIDLAND CREDIT MANAGEMENT
     INC.,
14
          Defendant.                      ORDER
15   _____/

16          On February 3, 2012, plaintiff Michael Golden ("plaintiff") filed a motion to

17   compel defendant Midland Credit Management Inc. ("defendant") to more fully respond to

18   plaintiff's interrogatories and requests for production of documents, and the motion is presently

19   set for hearing before the undersigned on March 8, 2012, at 10:00 a.m.[1]  (Dkt. No. 22-1.)

20   Plaintiff's basic position is that defendant has not properly responded to the discovery requests at

21   issue.[2]

22          The parties have not prepared the "Joint Statement re Discovery Disagreement"

23   _____

24          [1]  The Status (Pretrial Scheduling) Order in this case provides that the discovery *completion*
     deadline is March 16, 2012.  (Dkt. No. 17 at 2-3 (requiring that discovery motions be heard *and* any
     resulting orders obeyed "not later than March 16, 2012").)
25
26          [2]  This case proceeds before the undersigned pursuant to pursuant to Eastern District of
     California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

                                    1

("Joint Statement") required by Local Rule 251(c).  Instead, plaintiff has filed a full-blown
motion to compel with points and authorities and nearly 200 pages of exhibits.  (Dkt. No. 22-1.)
Plaintiff explains that he is attempting proceed under the exception to the requirement of filing a
Joint Statement that is available where "counsel for the moving party is unable, after a good faith
effort, to secure the cooperation of counsel for the opposing party . . . in preparing and executing
the required joint statement . . . ."  Local Rule 251(d).

However, it does not appear that the parties have adequately attempted to prepare
and execute a Joint Statement.  Plaintiff "certifies that Plaintiff was unable to secure Defendant's
cooperation after good faith efforts" and that "Plaintiff filed the instant Motion to Compel
because Defendant refuses to meet and confer in good faith and, accordingly, Plaintiff remains
without completed responses to his discovery requests."  (Dkt. No. 22-1 at 4-5.)  Plaintiff also
offers that, after plaintiff sent two communications regarding the discovery dispute to
defendant's counsel between January 9 and 18, 2012, and after one "conversation" with
defendant's counsel regarding the discovery dispute, defendant "refused to . . . make any other
changes to its responses."  (Id. at 5.)

Plaintiff apparently believes that two communications and one fruitless
conversation with opposing counsel about the underlying discovery dispute completes the
parties' continuing obligation to meet and confer to *prepare a Joint Statement* under Local Rule
251.  Plaintiff is mistaken.  Plaintiff conflates meeting and conferring regarding the underlying
discovery dispute with meeting and conferring to prepare a Joint Statement.  While such meet
and confer efforts are certainly related, they are not one in the same.  Indeed, if attempts to meet
and confer to resolve the underlying discovery dispute are unsuccessful, the moving party shall
draft and file a Joint Statement, and *all parties shall assist in the preparation of that Joint*

////

////

////

1   *Statement*.  Local Rule 251(c).[3]

2          The March 8, 2012 hearing date is several weeks away.  The parties have ample

3   time to continue to meet and confer about their dispute, to narrow the disputed issues before the

4   court, *and* to work together to craft a Joint Statement.  To date, the record before the court does

5   not indicate that the parties have adequately met and conferred in good faith in an effort to

6   narrow the issues that must be resolved by the court.  The undersigned expects and encourages

7   the parties to work together so as to avoid any unnecessary discovery disputes, and this includes

8   preparing a <u>Joint</u> Statement.

9          Accordingly, IT IS HEREBY ORDERED that:

10         1.    *Both parties* are to meet and confer in good faith regarding the pending

11   discovery dispute.

12         2.    *Both parties* are to file, no later than ***February 27, 2012***, either:

13              (a) a Joint Statement re Discovery Disagreement consistent with the

14   requirements of Local Rule 251(c), or

15              (b) a statement listing the parties' good faith efforts to meet and confer

16   (including efforts to meet and confer specifically regarding preparing the Joint Statement)*,* the

17   dates and times of such efforts, and the reasons why such good faith efforts were unsuccessful.

18   The parties might find it fruitful to meet and confer via several telephone or in-person meetings,

19   as opposed to the exchange of letters.

20         3.    The hearing presently set for March 8, 2012, will remain on calendar.

21   However, a failure to comply with this order and/or the court's local rules may result in the

22   hearing being dropped from calendar, or an entry of an order adverse to the party failing to

23   comply.  E. Dist. Local Rule 251(d).

24   _____

25        [3]  A failure to follow the specific procedural requirements of participating in a discovery
conference, meeting and conferring, and filing a <u>Joint</u> Statement "shall be grounds, in the discretion
26   of the Court, for entry of an order adverse" to the party refusing to do so.  E. Dist. Local Rule 251(d).

**IT IS SO ORDERED.**

DATED:  February 9, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE